UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSEMARIE KELLEY, Personal
Representative for the Estate of Christiaan
Kelley, Deceased,                                        Case No. 06-13189

            Plaintiff,                                   Honorable John Corbett O'Meara

v.

CITY OF SOUTHFIELD and BRIAN
BASSETT,

            Defendants.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANTS' FEBRUARY 8, 2007 MOTION FOR SUMMARY JUDGMENT

This matter came before the court on Defendants' February 8, 2007 motion for summary

judgment. Plaintiff filed a response February 28, 2007; and Defendants filed a reply March 7, 2007.

Oral argument was heard March 22, 2007. Plaintiff filed a supplemental brief April 5, 2007; and

Defendants filed a supplemental reply brief April 11, 2007. For the reasons set forth below, the

court will grant Defendants' motion for summary judgment.

## BACKGROUND FACTS

This case involves the unfortunate death of Christiaan Kelley as the result of being run over

by a police vehicle operated by defendant Officer Brian Bassett, a City of Southfield police officer.

At the time of the accident, Kelley was fleeing police officers on foot after abandoning a stolen

vehicle following a vehicle pursuit by the Farmington Hills Police Department.

The following facts are not in dispute. On December 21, 2003, Farmington Hills police

officers were watching four automobiles that were suspected of being stolen. The officers attempted

to stop the vehicles and a chase ensued.  Defendant Officer Bassett from the Southfield Police Department became aware of the chase and positioned his vehicle on the shoulder of the Lodge Freeway at the Lahser Road exit.

As the stolen cars drove onto the Lodge Expressway, Kelley veered from the highway onto the Lahser Road exit ramp and lost control of his vehicle, crashing in the grassy area between the freeway and the service drive.  When the vehicle came to rest, Kelley exited the vehicle and started running toward the freeway.  Officer Bassett drove his patrol car onto the shoulder and turned back toward the paved portion in what he claims was an attempt to position the patrol car between Kelley and oncoming traffic.  Kelley appeared to change direction, then lost his footing and was run over by the patrol car.  A life unit responded to the scene; however, Kelley died as a result of his injuries.

Plaintiff filed this lawsuit under 42 U.S.C. § 1983, against the City of Southfield and Officer Bassett.  The complaint alleges that Kelley's Fourth, Eighth and Fourteenth Amendment rights were violated when Bassett used deadly force to prevent Kelley's escape.  Based on Plaintiff's response to Defendants' motion for summary judgment, however, only Plaintiff's Fourth Amendment claim remains at issue.

## LAW AND ANALYSIS

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

In considering a claim of qualified immunity, a court must first determine whether a constitutional violation has occurred.  Saucier v. Katz, 533 U.S. 194, 201 (2001).  If a violation can be shown, the next step is to determine whether the right was clearly established.

In order to establish a claim that the alleged use of excessive force by a police officer violates the Fourth Amendment, the plaintiff must establish that he or she was unreasonably seized.  Brower v. County of Inyo, 489 U.S. 593, 599 (1989).

> [A] Fourth Amendment seizure does not occur whenever there is a governmentally caused termination of an individual's freedom of movement (the innocent passerby), nor even whenever there is a governmentally caused and governmentally *desired* termination of an individual's freedom of movement (the fleeing felon), but only when there is a governmental termination of freedom of movement *through means intentionally applied*.

Id. at 596-96 (emphasis in original).  Thus, a Fourth Amendment seizure requires an intentional act by the party effecting the seizure.

In Campbell v. White, 916 F.2d 421 (7th Cir. 1990), the appellate court found that there was no "seizure," and consequently no Fourth Amendment violation, in a case in which a police officer accidentally ran into and killed a suspect who was being chased by the officer.  The court made a distinction "between an accidental or tortious act which happens to be committed by a government official and an intentional detention that rises to the level of a constitutional violation."  Id. at 423.

> While it is clear that Officer White intended to stop Campbell and Miller for speeding and that White's actions caused, or contributed to, a 'termination of [Campbell's] freedom of movement,' there is no evidence whatsoever to suggest that White intended physically to stop or detain Campbell by running over him with his car in the event Campbell refused to pull over voluntarily.  The collision between

3

> White and Campbell was not 'the means intentionally applied' to
> effect the stop, but was rather an unfortunate and regrettable accident.

Id.

Likewise, in Evans v. Hightower, 117 F.3d 1318 (11th Cir. 1997), the Eleventh Circuit held

that a plaintiff was not seized when a police officer accidentally ran over him.  The court concluded,

"In this case, [plaintiff] failed to offer any evidence that the act of running him over with a patrol

car was intended as a means to seize him . . . .  The act of being run over by [the defendant's] car

was not part of the seizure, but was rather, 'the accidental effect[] of otherwise lawful government

conduct.'" Id. at 1321 (quoting Brower, 489 U.S. at 596).  The court determined that the officer was

entitled to qualified immunity because the record was devoid of any evidence that the officer

intended to strike the plaintiff.  Id.

Finally, in Hand v. Village of Brooklyn, 2005 U.S. Dist. LEXIS 12143 (S.D. Ill. June 15,

2005), a district court recently addressed a similar situation in which an officer claimed he was

entitled to qualified immunity after running over a suspect with his vehicle.  In Hand, the plaintiff

alleged that the Fourth and Fourteenth Amendment rights of the decedent were violated when a

police officer ran over and killed him while attempting to apprehend him.  The plaintiff argued that

the decedent was "seized" within the meaning of the Fourth Amendment because the defendant

intentionally used his vehicle to pin the fleeing suspect.

> Like the officer in Campbell, it is clear that [the defendant] did intend
> to detain the decedent and that his actions caused or contributed to
> the termination of the decedent's freedom of movement.  However,
> there is no evidence that [the defendant] intended to physically stop
> or detain the decedent by running him over with his vehicle.

Id. at *12-13.

Like the police officers in <u>Campbell</u>, <u>Evans</u>, and <u>Hand</u>, it is clear that in this case Officer Bassett did not intend to physically stop or detain decedent Kelley by running over or striking him with the patrol car. Plaintiff has failed to offer any evidence that striking the decedent with his vehicle was an intentional act. Officer Bassett repeatedly testified in his deposition that he did not intend to stop Kelley by running over him, and Plaintiff has not refuted that testimony with any other evidence. Viewing the facts in the light most favorable to the plaintiff, there has been no "seizure" for purposes of the Fourth Amendment; therefore, there has been no constitutional violation. The court need not go on to the second step of the qualified immunity analysis to determine whether the right was clearly established.

A municipality may be liable for a constitutional violation caused by individuals when those individuals acted pursuant to an official policy or custom of the municipality. <u>Monell v. New York City Dep't of Soc. Servs.</u>, 436 U.S. 658, 691 (1978). However, if no constitutional violation by the individual defendant(s) is established, the municipality cannot be held liable under 42 U.S.C. § 1983. <u>Watkins v. City of Battle Creek</u>, 273 F.3d 682, 687 (6th Cir. 2001). Therefore, in this case, the City of Southfield is entitled to summary judgment also.

## ORDER

It is hereby **ORDERED** that Defendants' February 8, 2007 motion for summary judgment is **GRANTED.**

s/John Corbett O'Meara
United States District Judge

Dated: May 7, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 7, 2007, by electronic and/or ordinary mail.


                              s/William Barkholz
                              Case Manager